

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 30, 1970

Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. M-604

Re: Whether Section 1.05 of the
Texas Family Code empowers
a county judge to waive those
portions of the Code requiring
marriage license applicants to
furnish information concerning
prior divorces, and related
question.

Dear Mr. Resweber:

Your recent letter requesting the opinion of this office
concerning the referenced matter states, in part, as follows:

"Please render your opinion on the
following questions:

1. Does Section 1.05 of the Family
Code empower the county judge to waive
those portions of subchapter A of chapter
one, of the Code which would require the
marriage license applicants to furnish
information to the county clerk concerning
any prior divorces and the dates thereof?

2. When it has been revealed to the
county clerk that one of the marriage li-
cense applicants has been divorced from
a third party during the six-month period
preceding the date of the application, does
Section 1.05 of the Family Code empower the
county judge to waive the requisites of
Section 1.07(c) which would require the
applicants to show the county clerk that the
proposed marriage within the six-month period
is permitted under Section 3.66 of the Code?"

Section 1.05 of Chapter 1 of the Code provides as follows:

"<u>Any information pertaining to an applicant</u> (for a marriage license), other than the applicant's name, <u>may be omitted from the application, and any formality required by Subchapters A, B, and D of this chapter may be waived on the county judge's written order,</u> issued for good cause shown, and submitted to the county clerk at the time the application is made." (Emphasis added.)

Section 1.02 of Subchapter A of Chapter 1 of the Code provides, in part, as follows:

"Persons applying for a marriage license shall:

"....

"(2) submit for each applicant:

"....

"(C) if applicable, the county judge's order prescribed by Section 1.05 of this code...

"(3) provide the information for which spaces are provided in the application for a marriage license...."

Section 1.03(b)(4) of Subchapter A of Chapter 1 of the Code provides that:

"The (marriage license) application form shall contain....spaces for indicating whether the applicant has been divorced during the six-month period preceding the date of the application...."

Section 1.07(c) of Subchapter A of Chapter 1 of the Code provides as follows:

> "If it is revealed that either appli-
> cant (for a marriage license) has been di-
> vorced during the six-month period pre-
> ceding the date of the application, the
> county clerk shall not issue the license
> unless it is shown that the subsequent
> marriage within the six-month period is
> permitted under Section 3.66 of this code."
> (Emphasis added.)

Section 3.66 of the Code states that:

> "Neither party to a divorce may marry
> a third party for a period of six months
> immediately following the date the divorce
> is decreed, but the parties divorced may
> marry each other at any time. The court
> granting the divorce, for good cause shown,
> may at the time of the divorce or thereafter
> waive the prohibition of this section as to
> either or both parties." (Emphasis added.)

Section 1.05 speaks of "any information" and "any formality" in terms of the requirements for a marriage license that may be waived by the county judge. This language would certainly encompass the information as to a prior divorce required to be furnished in Section 1.03(b)(4), supra.

It is our opinion that Section 1.05 empowers the county judge to waive the requirements of Section 1.03(b)(4), provided the county judge's written order to that effect is submitted at the time the applicants apply for a marriage license, in accordance with Section 1.02(2)(C), supra.

We are further of the opinion that the requirements of Section 1.07(c), supra, are neither "information" nor the "formality" that may be waived by a county judge pursuant to Section 1.05. Rather, we view Section 1.07(c) as a provision of substantive law. To allow a county judge to waive the requirements of that Section would result in an accretion to the Section whereby its plain provisions could be circumvented.

Therefore, if the county judge's waiver of the requirements

of Section 1.03(b)(4) is submitted at the time the application is made for a marriage license, the information concerning prior divorce need not be a part of the application. However, even though such waiver of the county judge is timely presented, the clerk is prohibited from issuing the license if it has been "revealed" to him or if he knows (Art. 1.07(b)) that either of the parties has been divorced within the past six months and he can only issue the license if the waiver of the district court, as provided for in Section 3.66, is procured and presented to the clerk. Art. 1.07(b) and (c).

Therefore, the County Judge may not waive the six-month waiting period as required by Section 3.66, and our answer to question No. 2 is "No".

Accordingly, your first question is answered in the affirmative and your second question is answered in the negative.

### S U M M A R Y

(1) Section 1.05 of the Texas Family Code empowers a county judge, for good cause shown, to waive those portions of the Code requiring marriage license applicants to furnish information concerning prior divorces. This waiver must be submitted at the time the application for marriage license is made.

(2) Section 1.05 of the Code does not empower a county judge to waive the requirements of Section 1.07(c) of the Code, once information concerning a prior divorce has been revealed to the County Clerk, or is known to him.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

John Reeves
John Banks
William Craig
Z. T. Fortescue

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant